UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH L.,

                Plaintiff,                **DECISION AND ORDER**

     v.

                                            1:22-cv-00033-UNA

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

## BACKGROUND

Plaintiff, Joseph L., brought this action on behalf of his deceased adult daughter Nicole L. ("claimant") pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (Dkt. 1).

On July 30, 2023, Plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting Michelle Strong, the administrator of Plaintiff's estate, for claimant. (Dkt. 11). Defendant does not object to the proposed substitution and defers to Court to make a decision on Plaintiff's motion.

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution

is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of Claims</u>

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which she is entitled, such benefits will be distributed to her survivors according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such payments can be made to the parent of the deceased individual if there is no surviving spouse or a child left following the death of the deceased individual. 42 U.S.C. § 404(d)(3). Here, the claimant was not married and had no children at the time of her death. (Dkt. 11-2 at ¶ 3). She was survived by her father, Plaintiff in the instant action, who was substituted as party during the administrative proceedings and had been issued letters of administration by Niagara County Surrogate's Court to represent her estate. (*Id*. at ¶ 7; Dkt. 1-1 at 2; Dkt. 7-1 at 3; Dkt. 11-3). Therefore, the claimant's Title II claim survived her death.

The claimant has also filed an application for benefits under Title XVI of the Act, which, under the regulations, extinguishes when a deceased individual was an adult and had no surviving spouse at the time of her death. 20 C.F.R. § 416.542(b)(4). Because the claimant was not married at the time of her death, her Title XVI claim extinguished upon her death.

2) <u>Timeliness of Motion</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted). Here, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death form on May 1, 2023. (Dkt. 8). Since the instant application was filed ninety days later on July 30, 2023, the Court finds it timely filed.

3) <u>Proper Party for Substitution</u>

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13. "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted). "Courts generally reserve judgment as to whether the movant is a proper party

for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

    Here, Michelle Strong was appointed by Niagara County Surrogate's Court of the State of New York as the administrator of the claimant's estate upon the death of Plaintiff, who had been previously issued letters of administration to administer the claimant's estate. (Dkt. 11-2 at ¶ 8; Dkt. 11-3). The Court is satisfied that she is a proper party for substitution on behalf of the claimant.

## CONCLUSION

Accordingly, Plaintiff's motion for substitution (Dkt. 11) is granted. The Clerk of Court is instructed to amend the case caption.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   August 21, 2023
         Rochester, New York