UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE S.,

              Plaintiff,                       **DECISION AND ORDER**

      v.
                                                 1:22-cv-0033-EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

Michelle S. ("Plaintiff")[1] brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). On February 13, 2024, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 17). Judgment was entered the next day. (Dkt. 18).

Presently before the Court is Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. 19). Plaintiff seeks a total of $10,880.80 in attorney's fees and $402.00 in costs.[2] (Dkt. 19; Dkt.

---

[1]     By the Decision and Order issued on August 21, 2023, Michelle S. was substituted for Plaintiff. (Dkt. 14).

[2]     Plaintiff initially sought $9,301.14 in attorney's fees and $402.00 in costs. (Dkt. 19). Following the Commissioner's response in opposition to Plaintiff's counsel's motion, Plaintiff's counsel contends that she expended an additional 6.3 hours drafting Plaintiff's

21 at 1-2, 9; Dkt. 21-1 at ¶ 3). The Commissioner objects on the grounds that the hours expended by counsel are unreasonable and urges the Court to cut counsel's fees by 20% across-the-board. (Dkt. 20). For the reasons that follow, the Court grants Plaintiff's motion in part, and awards Plaintiff a total of $9,992.71 in attorney's fees and $402.00 in costs pursuant to the EAJA.

## DISCUSSION

**I.      Legal Standard**

As the Second Circuit has explained:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)). "Thus, under the EAJA, eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; [and] (3) that no special circumstances make an award unjust." *Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (citation and quotations omitted).

The Commissioner does not dispute that Plaintiff was a prevailing party, nor does he challenge the timeliness of Plaintiff's motion. (Dkt. 20 at 2). Also, the Commissioner

---

reply papers, amounting to $1,579.66 of additional legal fees that Plaintiff is now seeking under the EAJA. (Dkt. 21 at 1-2, 9).

does not contend that his position was substantially justified, nor does he allege that special circumstances make an award unjust. (*Id.*). Rather, the Commissioner's sole objection to Plaintiff's fee request is the reasonableness of the hours expended by Plaintiff's counsel. (*Id.* at 3-11).

The Court agrees with Plaintiff and the Commissioner that an award of fees is appropriate under the EAJA. The only question left to resolve is the reasonableness of the hours expended by counsel and the correct hourly rate to be applied to calculate Plaintiff's attorney's fees.

## II.  Analysis

### A.  Reasonableness of the Hours Expended

It is well-recognized that EAJA fees are determined by examining the amount of time spent on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). A district court has broad discretion in determining the reasonableness of an attorney's fee request, though it "need not . . . scrutinize[] each action taken or the time spent on it . . . ." *Aston v. Sec'y of Health & Hum. Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel is not required to record in great detail how each minute of his time was expended, but he must identify the general subject matter of his time expenditures," *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (internal citations and quotations omitted), and

"make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 433-34. "When the documentation of hours is inadequate, the district court may reduce the award accordingly but must provide a concise but clear explanation of its reasons for the fee award." *Vincent*, 651 F.3d at 307 (internal citations and quotations omitted).

Generally, "[w]hen determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-cv-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020). It is also generally recognized that a routine social security case on average requires 20 to 40 hours of attorney time to prosecute. *See Sava v. Comm'r of Soc. Sec.*, No. 06-CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (collecting cases).

Here, Plaintiff's counsel contends that she spent 40.5 hours on Plaintiff's substantive matter that spanned across four years from 2021 through 2024, and 6.3 hours preparing Plaintiff's reply to the Commissioner's objection to the instant motion. (Dkt. 19-1 at 5; Dkt. 19-2 at ¶ 3; Dkt. 21-1 at ¶ 3). The Commissioner objects to the hours arguing that they were unreasonable. (Dkt. 20 at 3-10). Specifically, the Commissioner questions the hours expended by counsel because of "block billing" and vague time entries, which, he argues, make it impossible to determine exactly how much time counsel spent on each legal task, and submits that counsel reused large portions of Plaintiff's prior filings to draft her merits brief in the instant matter. (*Id*. at 3-8). The Commissioner asks the

Court to reduce Plaintiff's EAJA fees by 20% because the issues in Plaintiff's brief were not complex or novel.  (*Id*. at 8-10).

The Court finds that the reduction of hours based on the alleged vagueness of Plaintiff's counsel's time entries is not warranted.  A time entry is vague if it lacks "sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed."  *Hnot v. Willis Grp. Holdings Ltd*., No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *5 (S.D.N.Y. Apr. 7, 2008) (internal citation omitted).  Where, as here, counsel has identified the tasks and the subject of the work performed with enough specificity to ensure a court's review of their reasonableness, reduction in fees due to vagueness is not justified.  (*Id*.).

Additionally, counsel did engage in block billing when she combined multiple tasks she performed on behalf of Plaintiff into a single billing entry. (Dkt. 19-2 at ¶ 3).  "Block billing— . . . the practice of lumping multiple distinct tasks into a single billing entry—is generally disfavored because it can complicate the district court's task of determining the reasonableness of the billed hours." *Raja*, 43 F.4th at 87 (citation omitted); *see also Hnot*, 2008 WL 1166309, at *6 ("Block-billing can make it difficult for a court to conduct its reasonableness analysis, because a single billing entry might mix tasks that are compensable with those that are not, or mix together tasks that are compensable at different rates.").  Block billing can be "permissible as long as the district court is still able to conduct a meaningful review of the hours for which counsel seeks reimbursement." *Raja*, 43 F.4th at 87 (quotation omitted).  Here, counsel's block billing does not prevent the Court from conducting a meaningful review of the billing records.

On the other hand, the Court finds that the hours spent by counsel, particularly those dedicated to drafting Plaintiff's memorandum of law in support of Plaintiff's substantive motion, were excessive. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.") (internal citations and quotations omitted); *see also Hnot*, 2008 WL 1166309, at *6 ("[C]ourts have ordered . . . reductions for block-billing only where there was evidence that the hours billed were independently unreasonable or that the block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate.").

Here, the Court finds several time entries billed by counsel problematic. Specifically, it questions the hours spent on December 5, 2022, when she dedicated 9.5 hours to her "[r]eview of the 2613-page record and outlining; continued drafting of statement of facts," and 8.7 hours spent on December 6, 2022, on "[c]ontinu[ing] fact section; beg[ining] research of legal arguments; [s]tart[ing] drafting arguments including the ALJ ignored [sic] Dr. Hughes' 2013 treating source statement." (Dkt. 19-2 at ¶ 3). Generally, spending more time on reviewing the record and drafting a memorandum of law would not have been unreasonable in light of a voluminous administrative transcript, which was 2316 pages long in this case. *Diaz Sanjurjo v. Colvin*, No. 1:14-CV-85-DNH, 2016 WL 1611122, at *2 (N.D.N.Y. Apr. 21, 2016) ("the size of the administrative transcript is an appropriate factor to consider in allowing a greater than average award of fees"); *see*

*also Ortiz v. Comm'r of Soc. Sec.*, No. 22 Civ. 3052 (LGS) (SLC), 2023 WL 8604696, at *3 (S.D.N.Y. Nov. 27, 2023), *adopted*, 2023 WL 8603327 (S.D.N.Y. Dec. 12, 2023) (collecting cases discussing transcripts of over 1,200 in length being "large than average"). Additionally, Plaintiff's matter went through an unusually complex procedural history that included three administrative hearings, ALJ's decisions and the Appeals Council's orders; three federal court appeals; the death of Plaintiff and her father who had been substituted to represent his daughter's claims until his death; an appointment of a second substitute; two stipulations for remand; and one Decision and Order to remand the matter for further proceedings. (Dkt. 5 at 11-14, 23-88, 529-61; Dkt. 6 at 618-31, 736-87; Dkt. 8; Dkt. 14; Dkt. 17). Plaintiff's matter has been pending for nearly 12 years, and even though counsel represented Plaintiff in her first federal court action (*see* 16-cv-00107-FPG), other attorneys from her firm were also involved in Plaintiff's matter either during the administrative proceedings or the federal court litigation (*see* 19-cv-01704-WMS). Therefore, it was not necessarily unreasonable for counsel to spend time on familiarizing herself with the extensive procedural history of this case while drafting Plaintiff's merits brief. *See Seggerman v. Colvin*, No. 3:11 CV 1219(JBA), 2014 WL 2534876, at *4 (D. Conn. June 5, 2014) (counsel was justified in spending substantial time reviewing a voluminous record even when he had represented plaintiff in the past).

However, the Court finds it unreasonable that counsel reused Plaintiff's prior filings to draft large portions of Plaintiff's substantive motion and yet billed a substantial number of hours for that work. Specifically, Plaintiff's memorandum of law in support of her motion for judgment on the pleadings was 23 pages long and more than half of it was

dedicated to Plaintiff's preliminary statement, procedural and administrative history, and statement of facts. (Dkt. 7-1 at 1-14). While some facts in Plaintiff's brief appear to have been slightly modified, others have been copied and pasted verbatim from Plaintiff's prior memoranda of law filed in her two previous federal court matters. (*Compare* Dkt. 7-1 at 5-7, 7-8 *with* 16-cv-00107-FPG, Dkt. 11 at 7-9, 7; and *compare* Dkt. 7-1 at 2, 5-7, 7-10, 10-11, 11-12, 12-13 *with* 19-cv-01704-WMS, Dkt. 9-1 at 2-3, 6-8, 8-11, 14, 16-17, 18-19). Counsel does not deny that she was using Plaintiff's prior filings in drafting Plaintiff's substantive motion but submits that she was still required to review and digest each entry, check pagination, and apply prior written facts to Plaintiff's most recent unfavorable decision. (Dkt. 21 at 4-5). Although the Court finds that spending *some* time on these tasks to maintain efficiency in drafting Plaintiff's brief was reasonable, reusing significant portions of Plaintiff's prior filings and billing for clerical tasks associated with organizing such filings was not. *See e.g.*, *Robert D. v. Kijakazi*, No. 3:17CV00075(AWT), 2022 WL 633731, at *4 (D. Conn. Mar. 4, 2022) (the use of research and writing from prior motions was considered among the other factors to reduce counsel's hours); *Richardson v. Berryhill*, No. 3:15CV01452 (HBF), 2018 WL 3218661, at *2 (D. Conn. July 2, 2018) ("[R]eduction is warranted to account for the experience of counsel and apparent efficiencies relating to the use of research and writing from prior motions."); *Rivera v. Colvin*, No. 3:14-cv-1012(WIG), 2016 WL 1363574, at *2 (D. Conn. Apr. 6, 2016) (clerical tasks are not compensable under the EAJA); *Taylor v. Astrue*, No. 3:09cv1791 (MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011) (hours were reduced when

counsel's brief "was largely copied verbatim from briefs that he submitted in other Social Security cases").

Because counsel has combined the tasks associated with her drafting of Plaintiff's procedural history and statement of facts with the review of the record and legal research in her billing statement, it is unclear how many hours she dedicated to each of these tasks. As a result, the Court will reduce Plaintiff's counsel's hours across-the-board. Furthermore, the Court finds that the issues presented in this case were not overly complex or novel. Plaintiff's legal brief raised two arguments challenging the ALJ's evaluation of opinion evidence—a routine issue in the world of social security appeals. *See e.g.*, *McKevitt v. Colvin*, No. 1:11-CV-970, 2014 WL 1764339, at *3 (N.D.N.Y. May 1, 2014) (time spent on drafting a legal brief of 25 pages was excessive where the first 10 pages contained a recitation of facts and the remaining pages were spent on simple arguments); *Destefano v. Astrue*, No. 05-CV-3534 (NGG), 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008), *adopted*, 2008 WL 2039471 (E.D.N.Y. May 9, 2008) (reduction of hours was warranted where the hours spent on drafting a complaint and a memorandum of law were excessive and the litigated issues were not overly complex) (collecting cases). Accordingly, the Court finds that a 10% across-the-board reduction to Plaintiff's counsel's hours is appropriate under the circumstances. *See Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (a 15% across-the-board reduction was not unreasonable where 40-50% of block billed records raised concerns regarding reasonableness); *Robert D.*, 2022 WL 633731, at *4 (collecting cases recognizing the district court's discretion to make an across-the-board cut ranging from 5% to 50% in attorney's fees). This results in a reduction

of the total hours for which Plaintiff's counsel should be reimbursed from 46.8 hours to 42.12 hours.

### B.     Hourly Rate

"Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322-MJR, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted); *see also Caplash* v. *Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (the cost-of-living adjustment is calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate." (citation omitted)).  "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Montes*, 2019 WL 2264967, at *3 (internal brackets omitted).

Plaintiff's counsel performed 3.0 hours of work in 2021, 31.1 hours of work in 2022, 5.6 hours of work in 2023, and 7.1 hours of work in 2024.  (Dkt. 19-2 at ¶ 3; Dkt. 21-1 at ¶ 3).  Applying the CPI-adjusted hourly rate for 2021 to the 2.7 hours worked that year (representing the total of 3.0 hours less 10%), counsel's fees for 2021 would amount to $587.36.[3]  Applying the CPI-adjusted hourly rate for 2022 to the 27.99 hours worked that

---

[3]     Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 8, 2024), the

year (representing the total of 31.1 hours less 10%), counsel's fees for 2022 would amount to $6,576.25.[4] Applying the same analysis to counsel's 5.04 hours worked in 2023 (5.6 hours less 10%) and 6.39 hours worked in 2024 (0.8 hours reflected in the initial fee application and 6.3 hours reflected in the reply papers, less 10%), would equal $1,232.88 in attorneys' fees for 2023,[5] and $1,596.22 in fees for the period from January 2024 through April 2024.[6]

---

CPI-adjusted hourly rate for 2021 was $217.54, which is calculated by averaging the individual CPI for each month of 2021 and applying the annual average CPI (270.972) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 270.972 (average CPI for 2021).

[4] Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 8, 2024), the CPI-adjusted hourly rate for 2022 was $234.95, which is calculated by averaging the individual CPIs for each month of 2022 and applying the annual average CPI (292.655) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 292.655 (average CPI for 2022).

[5] Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 8, 2024), the CPI-adjusted hourly rate for 2023 was $244.62, which is calculated by averaging the individual CPIs for each month of 2023 and applying the annual average CPI (304.702) to the following formulas:

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 304.702 (average CPI for 2023).

[6] Using the CPI data published by the United States Department of Labor at https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on May 21, 2024), the CPI-adjusted hourly rate for 2024 was $249.80, which is calculated by averaging the individual CPIs for each month of 2024 (January through April) and applying the average CPI (311.156) to the following formulas:

Accordingly, in light of the hours spent by Plaintiff's counsel on representation of Plaintiff's interests since September 2021 through April 2024, and the adjusted hourly rates for each year of her representation, Plaintiff's counsel is entitled to an award of $9,992.71 in attorney's fees and $402.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. 19) is granted in part and denied in part.  The Commissioner shall pay $9,992.71 in attorney's fees and $402.00 in costs to Plaintiff's counsel subject to offset under the Treasury Offset Program, if any.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     June 11, 2024
           Rochester, New York

---

$125.0 (hourly rate in statute) = $X
155.7 (CPI as of March 1996) = 311.156 (average CPI from January through April 2024).